**ORIGINAL**

1   OLIVA & ASSOCIATES ALC
    Joseph L. Oliva, Esq., State Bar No. 113889
2   Michael S. Faircloth, Esq., State Bar No. 211153
    11770 Bernardo Plaza Court, Suite 350
3   San Diego, California 92128
    Telephone: (858) 385-0491
4   Facsimile: (858) 385-0499
    joliva@olivalaw.com
5   mfaircloth@olivalaw.com

6   Susan L. Burke (Pro Hac Vice motion pending)
    William F. Gould (Pro Hac Vice motion pending)
7   BURKE O'NEIL LLC
    1000 Potomac Street
8   Washington, DC 20007
    Telephone: (202) 445-1409
9   Sburke@burkeoneil.com

10  Attorneys for Plaintiffs,
    ESTATE OF RAHEEM KHALAF
11  SA'ADOON; WIJDAN MOHSIN
    SAED; SAJJAD RAHEEM KHALAF;
12  and ALI RAHEEM KHALAF

13              **UNITED STATES DISTRICT COURT**

14           **SOUTHERN DISTRICT OF CALIFORNIA**

15  ESTATE OF RAHEEM KHALAF          ) CASE NO.
    SA'ADOON;                        ) '09 CV 0561 W        LSP
16  WIJDAN MOHSIN SAED;              )
    SAJJAD RAHEEM KHALAF; and        ) **COMPLAINT FOR:**
17  ALI RAHEEM KHALAF,               )
                                     ) **1. WAR CRIMES**
18            Plaintiffs,            ) **2. ASSAULT AND BATTERY**
    v.                               ) **3. WRONGFUL DEATH**
19                                   ) **4. INTENTIONAL INFLICTION OF**
    XE, formerly known as BLACKWATER )    **EMOTIONAL DISTRESS**
20  WORLDWIDE and BLACKWATER LODGE)  **5. NEGLIGENT INFLICTION OF**
    AND TRAINING CENTER, INC.;       )    **EMOTIONAL DISTRESS**
21  FALCON;                          ) **6. NEGLIGENT HIRING, TRAINING**
    BLACKWATER SECURITY CONSULTING,)     **AND SUPERVISION**
22  LLC;                             ) **7. TORTIOUS SPOILATION OF**
    BLACKWATER ARMOR AND TARGETS, )       **EVIDENCE**
23  LLC;                             )
    BLACKWATER AIRSHIPS, LLC;        )
24  BLACKWATER LOGISTICS, LLC;       ) **DEMAND FOR JURY TRIAL**
    RAVEN DEVELOPMENT GROUP, LLC;    )
25  GREYSTONE LIMITED TOTAL          )
    INTELLIGENCE SOLUTIONS, LLC;     )
26  THE PRINCE GROUP LLC;            )
    EP INVESTMENTS, LLC;             )
27  ERIK PRINCE, and                 )
    ANDREW MOONEN,                   )
28                                   )
              Defendants.            )

                        1
                                          COMPLAINT

1     Plaintiffs ESTATE OF RAHEEM KHALAF SA'ADOON; WIJDAN MOHSIN

2   SAED; SAJJAD RAHEEM KHALAF; and ALI RAHEEM KHALAF (hereinafter referred

3   to as "Plaintiffs") hereby allege as follows:

4                       **JURISDICTION AND VENUE**

5       1.     This Court has original jurisdiction over the subject matter of this action pursuant

6   to 28 U.S.C. Section 1331 (federal question); 28 U.S.C. Section 1332 (diversity jurisdiction);

7   28 U.S.C. Section 1350 (Alien Tort Statute); and 28 U.S.C. Section 1367 (supplemental

8   jurisdiction).

9       2.     Venue is proper in this Court pursuant to 28 U.S.C. Section 1391(a)(3) and

10   Section 1391(b)(2).

11                        **THE PARTIES**

12       3.     Plaintiff is the Estate of Raheem Khalaf Sa'adoon.  Before being shot by Xe-

13   Blackwater, Raheem Khalaf Sa'adoon was a 32-year old father of two who worked as a

14   security guard for Iraqi Vice-President Adel Abdul Mahdi.

15       4.     Plaintiff Wijdan Mohsin Saed is the widow.  She is a 32-year old mother now

16   raising two young sons without her husband.

17       5.     Plaintiffs Sajjad Raheem Khalaf and Ali Raheem Khalaf are the two sons

18   forced to grow up without their father.  Now 11 and 8 years, respectively, they have suffered,

19   and continue to suffer greatly, as a result of Xe-Blackwater's misdeeds.

20       6.     Defendant Erik Price is a resident of McLean, Virginia, with business offices at

21   1650 Tysons Boulevard, McLean, Virginia 22102, who personally and wholly owns holding

22   companies known as The Prince Group and EP Investments LLC.  Mr. Price, through these

23   holding companies, owns and controls the various Xe-Blackwater entities, as well as entities

24   known as Greystone and Total Intelligence.

25       7.     Defendant The Prince Group LLC is a holding company located at 1650

26   Tysons Boulevard, McLean, Virginia 22102.

27   / / /

28   / / /

COMPLAINT

1    8.    Defendant EP Investments, LLC, is a holding company managed by The
2 Prince Group LLC.  EP Investments, LLC is located at 1650 Tysons Boulevard, McLean,
3 Virginia 22102.

4    9.    Defendant Erik Prince, acting through a web of companies operating under the
5 "Xe" or "Blackwater" or "Falcon" or "Greystone" or "Total Intelligence" names, earns
6 billions of dollars providing mercenaries (known as "shooters") for hire.  The various Xe-
7 Blackwater, Greystone and The Prince Group corporate entities were formed merely to
8 reduce legal exposures and do not operate as individual and independent companies outside
9 the control of Erik Prince.  Erik Prince personally controls all the various entities.

10    10.    Defendants Xe, Blackwater Worldwide, Blackwater Lodge and Training
11 Center, Inc., Blackwater Target Systems, Blackwater Security Consulting and Raven
12 Development Group are all located at 850 Puddin Ridge Road, Moyock, North Carolina
13 27958.

14    11.    Defendant Greystone Ltd. and Total Intelligence Solutions LLP are companies
15 through which Erik Prince conducts his mercenary business.  Greystone Ltd. and Total
16 Intelligence Solutions LLP are located at 1650 Tysons Boulevard, McLean, Virginia 22102.

17    12.    Defendant Xe-Blackwater and the other entities do business in this District
18 7685 Siempre Viva Road, San Diego.  Defendants had previously conducted business in this
19 District at 5590 Ruffin Road, San Diego.

20    13.    Defendant Andrew Moonen is a resident of Seattle, Washington.   Upon
21 information and belief, he resides at 754 S. Rose Street, Seattle, Washington, 98108, and
22 works as a prison guard at the Monroe Correctional Complex.   He previously was employed
23 by Xe-Blackwater.

24                                    **COMPLAINT**

25    14.    On Christmas Eve 2006, a highly-intoxicated and heavily-armed Xe-
26 Blackwater employee named Andrew Moonen, shot and killed a man named Raheem Khalaf
27 Sa'adoon, for no reason.  Although Xe-Blackwater learned of their employee's crime shortly
28 after it occurred, Xe-Blackwater acted, and continues to act, in conspiracy with Moonen, to

1   evade any accountability whatsoever.   Xe-Blackwater's bad acts include, among other

2   things, spiriting Moonen out of Iraq immediately after the murder, bribing an Iraqi

3   government official, and destroying documents and other evidence relating to this and other

4   Xe-Blackwater shootings.

5        15.   This action seeks damages sufficient to stop Xe, formerly Blackwater, in all of

6   its various corporate incarnations, from continuing its lawless behavior.   These companies

7   (including an Xe-Blackwater company called Falcon, which continues to operate in Iraq), are

8   all component parts of a single private company wholly owned and personally controlled by

9   a man named Erik Prince.   Xe-Blackwater's unjustified killing of Raheem Khalaf Sa'adoon

10   is but one of a staggering number of senseless deaths that directly resulted from Xe-

11   Blackwater's misconduct.

12                      **THE XE-BLACKWATER CHRISTMAS EVE MURDER**

13        16.   Xe-Blackwater provides armed forces to protect Department of State personnel

14   in Iraq.   These mobile armed forces that accompany diplomats and others in need of

15   protection are consistently referred to by Xe-Blackwater as "shooters."

16        17.   Xe - Blackwater earned more than two billion dollars from the United States.

17   The United States paid Xe - Blackwater these substantial sums based on Xe - Blackwater's

18   misrepresentations that it was a legitimate company able to conduct itself in a lawful manner.

19   But in fact, Xe - Blackwater operates extra-legally, providing heavily-armed mercenaries

20   who flout the laws of this nation and the host nation, Iraq.

21        18.   On Christmas Eve, 2006, Xe-Blackwater employee Andrew Moonen

22   consumed excessive quantities of alcohol at a party being held in an area of Iraq referred to

23   as Little Venice.

24        19.   Numerous other Xe-Blackwater employees were attending the same Christmas

25   party.  They all saw Moonen become intoxicated.  They all saw Moonen leave the party in an

26   intoxicated state carrying his Xe-Blackwater Glock.

27        20.   No Xe-Blackwater employee did anything to stop Moonen from leaving the

28   Xe-Blackwater party heavily-armed and visibly intoxicated.

21.     Xe-Blackwater employee Andrew Moonen, after losing his way and stumbling drunkenly around Little Venice for a short period of time, came across Raheem Khalaf Sa'adoon on guard duty.  Moonen, visibly intoxicated, pulled out his Glock and fired at Raheem Khalaf Sa'adoon, killing him for no reason.

22.     After Xe-Blackwater employee Moonen killed Raheem Khalaf Sa'adoon, Defendant Xe-Blackwater evaded Iraqi authorities and flew Moonen out of Iraq into the United States.

23.     Xe-Blackwater thereafter promised to compensate the widow for the death of her husband by making a series of payments.  Xe-Blackwater made an initial payment of US $20,000, but made no further payments.  The widow continued to believe that additional payments would be made until earlier this year.

## XE – BLACKWATER'S PATTERN AND PRACTICE OF ILLEGAL ACTIVITY

24.     Andrew Moonen's shooting of Raheem Khalaf Sa'adoon was neither the first nor the last time Xe-Blackwater shot and killed innocents for no reason.  Xe - Blackwater has a pattern and practice of recklessness in the use of deadly force.    Xe - Blackwater has created and fostered a corporate culture in which excessive and unnecessary use of deadly force by its employees is not investigated or punished in any way.

25.     Xe - Blackwater routinely sends heavily-armed "shooters" into the streets of Baghdad with the knowledge that some of those "shooters" are chemically influenced by steroids and other judgment-altering substances.

26.     Xe-Blackwater routinely gives weapons to men known to be alcoholics or drug users.  Xe-Blackwater fails to prevent its employees from carrying their weapons when they are imbiding alcohol or using drugs.

27.     Xe – Blackwater management refused to fire or discipline mercenaries who murdered innocent Iraqis.  Mercenaries known to have committed "bad shoots" (i.e. murder) would not even be placed on the "do not use" list.  Instead, Xe – Blackwater would continue to rehire and deploy mercenaries known to have killed innocents for no reason.  Plaintiffs will show at trial a litany of illegal shootings around the globe known to Xe – Xe -

5

1  Blackwater repeatedly and routinely engages in other illegal conduct.  Xe – Blackwater

2  engages in conduct that violates the laws governing the use and sale of firearms. Xe-

3  Blackwater fails to track or monitor its weaponry and ammunition as is required by law.

4       28.    Plaintiffs will show at trial that Xe – Blackwater destroyed hired and continues

5  to hire former military officials known to have been involved in human rights abuses in Latin

6  American and elsewhere. Although Xe – Blackwater tries to pass itself off as a company

7  using retired American military, the company actually recruits mercenaries from the

8  Philippines, Chile, Nepal, Colombia, Ecuador, El Salvador, Honduras, Panama, Peru,

9  Bulgaria, Poland, Romania, Jordan and perhaps South Africa. Xe - Blackwater hires and

10 deploys to Iraq foreign nationals without regard for the fact that they were forbidden by the

11 laws of their country from serving as mercenaries.

12      29.    Given its status as a mercenary or quasi-mercenary organization, Xe –

13 Blackwater violates the law by seeking and accepting work from the United States

14 government.  The Anti-Pinkerton Act, 5 U.S.C. § 1803, prohibits the United States from

15 doing business with "[a]n individual employed by the Pinkerton Detective Agency, or

16 similar organization."  The legislative history of the Act makes it clear that a "similar

17 organization" means any mercenary or quasi-mercenary organization.

18      30.    Xe-Blackwater repeatedly and routinely engages in other illegal conduct.  Xe-

19 Blackwater engages in conduct that violates the laws governing the use and sale of firearms.

20 Xe-Blackwater fails to track or monitor its weaponry and ammunition as is required by law.

21                **XE-BLACKWATER'S DESTRUCTION OF EVIDENCE**

22      31.    Xe – Blackwater captured much of the illegal conduct on videotape and

23 audiotape.  Xe – Blackwater, however, did not report or punish the illegal conduct of its

24 mercenaries.   Instead, Xe – Blackwater intentionally destroyed the evidence of illegal

25 conduct, and encouraged the mercenaries to do the same.

26      32.    Reasonable discovery will show that on or about March 18, 2008, Defendants'

27 high-level executives Messrs. Gary Jackson and Dave Jackson met with others at Xe-

28 Blackwater (then called Blackwater) to discuss ongoing Department of Justice investigations

6

COMPLAINT

1  and other legal troubles.   Reasonable discovery will show that after that meeting, Xe-

2  Blackwater employees began to destroy documents and other evidence relating to the events

3  at issue in this and other legal proceedings.

4  **DAMAGES**

5       33.    Defendants are liable for killing Raheem Khalaf Sa'adoon. Defendants are

6  liable for the pain and suffering caused to Raheem Khalaf Sa'adoon, as well as the pain and

7  suffering and loss of consortium caused to the family members of these victims.

8       34.    Defendants are liable for the physical and mental injuries caused to all

9  Plaintiffs.

10      35.    Plaintiffs seeks compensatory and punitive damages in an amount for each

11  individual in excess of the jurisdictional amount set forth in 28 U.S.C. § 1332.  Plaintiff also

12  seeks any and all additional remedies (such as attorneys' fees) available under law and

13

14  equity.

15  **COUNT ONE – WAR CRIMES**

16      36.    All preceding paragraphs are hereby incorporated by reference as if fully set

17  forth herein.

18      37.    Defendants' acts were deliberate, willful, intentional, wanton, malicious and

19  oppressive and constitute war crimes.

20      38.    Defendants' acts took place during a period of armed conflict.

21      39.    Defendants committed war crimes against Raheem Khalaf Sa'adoon and

22  others.

23      40.    Defendants are liable for their conduct that constitutes war crimes.

24      41.    Defendants' misconduct caused grave and foreseeable injuries to Plaintiff.

25  **COUNT TWO – ASSAULT AND BATTERY**

26      42.    All preceding paragraphs are hereby incorporated by reference as if fully set

27  forth herein.

28  / / /

7

COMPLAINT

1    43.    Defendants unlawfully intended to and did inflict immediate injury upon

2  Plaintiff.

3    44.    Defendants intentionally assaulted, battered, and made other offensive

4  contacts; and aided and abetted the assaulting, battering and offensively contacting of the

5  Plaintiff.

6    45.    Plaintiff did not consent to the offensive contacts.  Plaintiff feared for his

7  personal safety and felt threatened by Defendants' actions.

8    46.    Defendants committed the assaults and batteries.

9    47.    Defendants' acts caused grave and foreseeable damages to Plaintiff.

10                  **COUNT THREE – WRONGFUL DEATH**

11    48.    All preceding paragraphs are hereby incorporated by reference as if fully set

12  forth herein.

13    49.    Defendants' wrongful acts and omissions caused the death of Plaintiff.

14    50.    Defendants set the conditions, directly and/or indirectly facilitated, ordered,

15  acquiesced, confirmed, ratified and/or conspired with others to act in the manner that led to

16  the wrongful death.

17    51.    The Estate Plaintiff is the duly appointed personal representative of Raheem

18  Khalaf Sa'adoon.

19    52.    The death of Raheem Khalaf Sa'adoon was the foreseeable result of

20  Defendants' wrongful acts and omissions.

21  **COUNT FOUR – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

22    53.    All preceding paragraphs are hereby incorporated by reference as if fully set

23  forth herein.

24    54.    Defendants intentionally inflicted severe emotional distress by way of extreme

25  and outrageous conduct on Plaintiff and his family members.

26    55.    Defendants set the conditions, directly and/or indirectly facilitated, ordered,

27  acquiesced, confirmed, ratified and/or conspired with others to inflict emotional distress on

28  Plaintiff.

COMPLAINT

56.   Defendants' acts caused grave and foreseeable injuries to Plaintiff and his family members.

### COUNT FIVE – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

57.   All preceding paragraphs are hereby incorporated by reference as if fully set forth herein.

58.   Defendants negligently inflicted severe emotional distress on Plaintiffs.

59.   Defendants breached a duty to Plaintiffs.

60.   Defendants' negligence directly and foreseeably harmed Plaintiffs.

### COUNT SIX – NEGLIGENT HIRING, TRAINING AND SUPERVISION

61.   All preceding paragraphs are hereby incorporated by reference as if fully set forth herein.

62.   Defendants acted negligently and directly harmed Plaintiffs by:

    (a)   failing to take the appropriate steps in hiring proper personnel to perform services;

    (b)   failing to properly screen personnel before their hiring;

    (c)   failing to train personnel properly;

    (d)   failing to investigate allegations of wrongdoing;

    (e)   failing to reprimand for wrongful actions;

    (f)   failing to adequately monitor for and stop illegal substance abuse;

    (g)   failing to stop Andrew Moonen from wandering around intoxicated with a loaded weapon, and

    (h)   negligently permitting repeated lawlessness by employees.

63.   Defendants' negligence directly and foreseeably harmed Plaintiffs.

### COUNT SEVEN – TORTIOUS SPOILATION OF EVIDENCE

64.   All preceding paragraphs are hereby incorporated by reference as if fully set forth herein.

65.   The Defendants had a legal duty to preserve evidence relating to unauthorized uses of force.

COMPLAINT

1    66.    Defendants intentionally destroyed that evidence to prevent detection of its

2  wrongdoing.

3    67.    Defendants' destruction of evidence significantly impaired Plaintiffs' ability to

4  prove certain facts in this action.

5    68.    Defendants' intent in destroying the evidence was to lessen the risk that they

6  would be found liable by a jury hearing this action.

7    69.    Defendants' intentional destruction of evidence harmed and continues to harm

8  the Plaintiffs.

9                          **PRAYERS AND DAMAGES**

10    70.    Plaintiffs, acting when necessary through the Estate, are entitled to any and all

11  remedies available to them as a result of the conduct alleged herein, including, but not

12  limited to:

13          (a)    compensatory damages for death, physical, mental and economic

14  injuries;

15          (b)    punitive damages in an amount sufficient to strip Defendants of all of

16  the revenue and profits earned from their pattern of constant misconduct and callous

17  disregard for human life; and

18          (c)    any attorneys' fees and costs permitted by law.

19  DATED: March 19, 2009                    OLIVA & ASSOCIATES, ALC

20                          By: _____

21                          Joseph L. Oliva, Esq.
                            Michael S. Faircloth, Esq.

22                          joliva@olivalaw.com
                            mfaircloth@olivalaw.com

23                          Susan L. Burke (Pro Hac Vice motion pending)
                            William F. Gould (Pro Hac Vice motion pending)

24                          BURKE O'NEIL LLC
                            1000 Potomac Street

25                          Washington, DC 20007
                            202.445.1409

26                          sburke@burkeoneil.com

27                          Attorneys for Plaintiffs,
                            ESTATE OF RAHEEM KHALAF; SA'ADOON;

28                          WIJDAN MOHSIN SAED; SAJJAD RAHEEM
                            KHALAF; and ALI RAHEEM KHALAF

                                  10

                                                              COMPLAINT

1

DEMAND FOR JURY TRIAL

2     Plaintiffs hereby demand a jury trial as provided by Rule 38(a) of the Federal Rule of

3 Civil Procedure.

4 OLIVA & ASSOCIATES, ALC

5

6               By:

7                  Joseph L. Oliva, Esq.
                 Michael S. Faircloth, Esq.

8                  joliva@olivalaw.com
                 mfaircloth@olivalaw.com

9                  Susan L. Burke (Pro Hac Vice motion pending)
                 William F. Gould (Pro Hac Vice motion pending)

10                  BURKE O'NEIL LLC
                 1000 Potomac Street

11                  Washington, DC 20007
                 202.445.1409

12                  sburke@burkeoneil.com

13                  Attorneys for Plaintiffs,
                 ESTATE OF RAHEEM KHALAF

14                  SA'ADOON; WIJDAN MOHSIN
                 SAED; SAJJAD RAHEEM KHALAF;

15                  and ALI RAHEEM KHALAF

16

17

18

19

20

21

22

23

24

25

26

27

28

11

JS 44
(Rev. 07/89)

**CIVIL COVER SHEET**

**ORIGINAL**

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

**I. (a) PLAINTIFFS**

ESTATE OF RAHEEN KHALAF SA'ADOON; WIJDAN MOHSIN SAED; SAJJAD RAHEEM KHALAF; And ALI RAHEEM KHALAF

**DEFENDANTS**

XE, formerly known as BLACKWATER WORLDWIDE and BLACKWATER LODGE AND TRAINING CENTER, INC.;

FILED

09 MAR 19 AM 11:21

[SEE ATTACHMENT] CLERK, U.S. DISTRICT COURT SOUTHERN DISTRICT OF CALIFORNIA

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  IRAQ
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  Fairfax, VA
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

BY _____ DEPUTY

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

OLIVA & ASSOCIATES, ALC
11770 Bernardo Plaza Court
Suite 350
San Diego, CA 92128
858-385-0491

ATTORNEYS (IF KNOWN)

**'09 CV 0561 W     LSP**

**II. BASIS OF JURISDICTION** (PLACE AN 'X' IN ONE BOX ONLY)

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question (U.S. Government Not a Party) |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity (Indicate Citizenship of Parties in Item III) |

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN 'X' IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)  28 USC Section 1350 (Alien's action for tort).
This action involves claims in tort by an alien committed in violation of the laws of nations or a treaty of the United States.

28.1346

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Medical Malpractice | ☐ 625 Drug Related | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | Seizure of | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | Property 21 USC 881 | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | | ☐ 650 Airline Regs. | ☐ 840 Trademark | ☐ 810 Selective Service |
| Student Loans (Excl. Veterans) | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 660 Occupational | | ☐ 850 Securities/Commodities/ |
| ☐ 153 Recovery of Overpayment | ☐ 345 Marine Product | ☐ 370 Other Fraud | Safety/Health | **SOCIAL SECURITY** | Exchange |
| of Veteran's Benefits | Liability | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | **LABOR** | ☐ 862 Black Lung (923) | 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle | Property Damage | ☐ 710 Fair Labor | ☐ 863 DIWC/DIWW | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | Product Liability | ☐ 385 Property Damage | Standards Act | (405(g)) | ☐ 892 Economic Stabilization Act |
| | ☒ 360 Other Personal Injury | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motion to Vacate | Reporting & | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | Disclosure Act | ☐ 870 Taxes (U.S. Plaintiff | ☐ 900 Appeal of Fee |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **HABEAS CORPUS:** | ☐ 740 Railway Labor Act | or Defendant) | Determination Under |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 871 IRS - Third Party | Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. | 26 USC 7609 | ☐ 950 Constitutionality of |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | Security Act | | State Statutes |
| | | ☐ 550 Civil Rights | | | ☐ 890 Other Statutory Actions |
| | | ☐ 555 Prison Conditions | | | |

**VI. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding  ☐ 2 Removal from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:**  ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ _____   CHECK YES only if demanded in complaint: JURY DEMAND: ☒ YES  ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE _____  Docket Number _____

DATE  March 19, 2009

SIGNATURE OF ATTORNEY OF RECORD _____

# 161201  IS 350.

ODMA\PCDOCS\WORDPERFECT\22816\1 January 24, 2000 (3:10pm)

CR  3/19/09

1 (Attachment to Civil Cover Sheet)  Additional Defendants

2

3 FALCON;

4 BLACKWATER SECURITY CONSULTING LLC;

5 BLACKWATER ARMOR AND TARGETS, LLC;

6 BLACKWATER AIRSHIPS, LLC;

7 BLACKWATER LOGISTICS, LLC;

8 RAVEN DEVELOPMENT GROUP, LLC;

9 GREYSTONE LIMITED TOTAL INTELLIGENCE SOLUTIONS, LLC;

10 THE PRINCE GROUP LLC;

11 EP INVESTMENTS, LLC;

12 ERIK PRINCE, and

13 ANDREW MOONEN

14

15

16

17

18

19

20

21

22

23

24

25

26

AO 72
(Rev. 8/82)

AO-72

**UNITED STATES
DISTRICT COURT**
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

# 161204      — SR

March 19. 2009
11:25:16

Civ Fil Non-Pris

USAO #.: 09CV0561
Judge..: THOMAS J WHELAN
Amount.:              $350.00 CK
Check#.: BC#9935

Total—>  $350.00

FROM: ESTATE OF RAHEEN KHALAF.
ET AL V. XE
CIVIL FILING